[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REOPEN JUDGMENT OF DISSOLUTION OF MARRIAGE
On February 3, 1983, the marriage of the parties was dissolved by a judgment of this court (F. X. Hennessy, J.) on the ground of irretrievable breakdown. That judgment was based upon the evidence and sworn testimony of the plaintiff Rosalie Zanoni.
The defendant now moves, nine years after the judgment was entered, to have it opened and vacated on the grounds that the plaintiff was at that time incapable of recognizing that her assertion that the marriage had broken down irretrievably was not, in fact, true. He claims that she was incapacitated by severe depression at the time of the dissolution. He further asserts that she was then under the "Rasputin-like influence" of her sister and her attorney.
The plaintiff has testified before this court that the claims raised by the defendant are correct and she joins in his motion to open and vacate the judgment of nine years ago.
The evidence adduced at the hearing on the instant motion was offered to show that, notwithstanding Practice Rule 326, which provides that this court is without jurisdiction to reopen a judgment more than four months after it enters, this judgment is still subject to the continuing jurisdiction of the court for one or both of the following reasons.
First, the parties have effectively waived the operative provisions of Section 326.
Secondly, the court has the power, inherent and independent of statutory provisions, to open a judgment entered by fraud, in the actual absence of consent or by mutual mistake.
Having heard the evidence and testimony concerning the claims of the defendant, the court finds that there was no fraud perpetrated upon either party or the court. The court further finds that there was no mutual mistake which allowed the judgment to enter. CT Page 6481
Finally, the court finds that there was no actual absence of consent to warrant the setting aside of the judgment.
The court bases it finding upon, inter alia, the twelve page Agreement of the parties subscribed and sworn to by each of them on February 3, 1983 and further upon the sworn testimony of the plaintiff, in response to inquiry by this court, that she was never directed by her sister to obtain a divorce from the defendant, that she was encouraged by both her sister and her attorney to proceed to judgment, that no promises were made to her at that time to induce her to dissolve her marriage and, most importantly — in regard to her sworn testimony on February 3, 1983, that her marriage had broken down irretrievably — that at the time she felt that it had.
Even if the court had not found the facts as it has, the setting aside of a judgment of dissolution nine years after its entry runs contrary to public policy and undermines the concept of finality of judgments. The existence of serious inequities would also have to be established before a court could properly call into question the propriety of a judgment which the parties have allowed to exist for nine years.
These parties have also failed to establish the existence of such inequities.
As between themselves, these parties are free to waive or abandon as many of the judgment's provisions as they may agree upon. The fact of the dissolution of their marriage, however, shall remain undisturbed for the reasons previously stated.
The motion to reopen the judgment of dissolution of marriage entered February 3, 1983, is hereby denied.
Doherty, J.